J-S03025-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DENNIS WAYNE SIPOS | : | |
| | : | |
| Appellant | : | No. 1242 WDA 2023 |

Appeal from the PCRA Order Entered August 22, 2023
In the Court of Common Pleas of Indiana County
Criminal Division at No(s):  CP-32-CR-0000512-1988

BEFORE:  KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED: April 9, 2025**

Dennis Wayne Sipos ("Sipos") appeals *pro se*, from the order dismissing as untimely his serial petition pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

We briefly note that in April 1989, Sipos entered a *nolo contedere* plea to third-degree murder.   The trial court sentenced him to ten to twenty years in prison to be served consecutively to a sentence he was then serving in Ohio. Sipos did not file a direct appeal.  In the ensuing thirty-five years,  he has filed numerous PCRA petitions, motions, and other filings, most of which claim his sentence is illegal because he did not receive credit for 174 days served in jail.

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

Sipos filed the instant, serial PCRA petition in 2022, raising his illegal sentence claim. The PCRA court appointed counsel, who subsequently filed a motion to withdraw which the court granted. The PCRA court ultimately dismissed the petition without a hearing, holding it was both untimely and previously litigated. This appeal followed

On appeal, Sipos raises the following questions for our review.

A. Did court-appointed counsel misconstrue the argument to the court regarding relief sought by [Sipos]?

B. Did the [PCRA] court err by removing jail credit after . . . thirty [] days thereby violating § 5504, judicial extension of time; (a) except as provided by Section 1722(c) (relating to time limitations), the time limited by this chapter shall <u>not</u> be extended by order, rule, or otherwise?

C. Did the removal of jail credit create [sic] [Sipos's] illegal sentence?

Sipos's Brief 4 (capitalization regularized, bolding and underlining removed).

Sipos appeals from the denial of his untimely PCRA petition asserting the illegality of his sentence. We review the dismissal of a PCRA petition to determine "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Busanet*, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." *Id*.

PCRA petitions, including second and subsequent petitions, must be filed within one year of the date an appellant's judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction over it. *See Commonwealth v. Wharton*, 886 A.2d 1120, 1124 (Pa. 2005); *see also Commonwealth v. Callahan*, 101 A.3d 118, 121 (Pa. Super. 2014) (courts do not have jurisdiction over an untimely PCRA petition). "Without jurisdiction, we simply do not have the legal authority to address the substantive claims [in a PCRA petition]." *Commonwealth v. Lewis*, 63 A.3d 1274, 1281 (Pa. Super. 2013).

Sipos's judgment of sentence became final on May 19, 1989, thirty days after the court entered the judgment of sentence and Sipos failed to file a direct appeal. *See* Pa.R.A.P. 903; 42 Pa.C.S.A. § 9545(b)(3). He did not file the instant petition until December 2022. Thus, the petition is untimely.

A petitioner may overcome the time-bar if he pleads and proves one of the three statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1). *See Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017). The three exceptions are: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized

constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012); ***see also*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petition invoking an exception must be filed within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). If a petitioner fails to invoke a valid exception, the court is without jurisdiction to review the petition or provide relief. ***See Spotz***, 171 A.3d at 676.

Critically, Sipos has not pled or proven an exception to the PCRA's timeliness requirement. ***See*** 42 Pa.C.S.A. § 9545(b)(1). On appeal, he argues only his sentence is illegal. ***See*** Sipos's Brief at 7-8. The Pennsylvania Supreme Court has explained: "Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) (citation omitted). Sipos cannot elude the PCRA's timeliness requirements based on an untimely claim of an illegal sentence.[2] ***See id.***

Sipos's serial PCRA petition is untimely, and like the PCRA court, we lack jurisdiction and "legal authority to address [any] substantive claims." ***Lewis***, 63 A.3d at 1281.

Order affirmed.

---

[2] Even if timely, Sipos's claim would be previously litigated. ***See***, ***e.g.***, ***Commonwealth v. Sipos***, 1865 WDA 2011 (Pa. Super. 7/7/12) (unpublished memorandum at 2-4) (denying Sipos's claim he was denied 174 days credit and affirming dismissal of his PCRA petition as untimely).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE: 04/09/2025